**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4052**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JACQUES MAURICO ANDERSON,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:20-cr-00266-D-1)

Submitted:  October 14, 2021                    Decided:  October 18, 2021

Before DIAZ and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Richard Croutharmel, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jacques Maurico Anderson pleaded guilty, pursuant to a plea agreement, to conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 2, 1344(i), 1349. The district court sentenced Anderson to a sentence within the Sentencing Guidelines range of 33 months of imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the magistrate judge fully complied with Fed. R. Crim. P. 11 in accepting Anderson's guilty plea and whether the sentence is procedurally and substantively reasonable. Anderson has filed a pro se supplemental brief contending that trial counsel rendered ineffective assistance. The Government has moved to dismiss the appeal pursuant to the appellate waiver in Anderson's plea agreement. For the reasons that follow, we affirm in part and dismiss in part.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id.* To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotations marks omitted). Generally, "if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant

2

understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines the defendant understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1). The court must also ensure that the plea is voluntary and not the result of any threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that there is a factual basis for the plea, Fed. R. Crim. P. 11(b)(3). Because Anderson did not seek to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted).

Appellate counsel questions whether the magistrate judge erred in informing Anderson of the factual basis for his guilty plea by failing to specify that the bank victims were financial institutions that were federal insured. *See United States v. Adepoju*, 756 F.3d 250, 255 (4th Cir. 2014) (noting elements of bank fraud include a scheme or artifice to defraud a financial institution that was a federally insured or chartered bank). We have thoroughly reviewed the record and conclude that the magistrate judge substantially complied with the requirements of Rule 11, and ensured that Anderson was competent to

3

plead guilty and was pleading guilty knowingly and voluntarily. To the extent that the magistrate judge failed to inform Anderson of this element of the offense in recounting the factual basis, any such error did not affect Anderson's substantial rights.

Moreover, our review of the record confirms that Anderson knowingly and voluntarily waived his right to appeal his conviction and sentence, with limited exceptions not applicable here. We therefore conclude that the waiver is valid and enforceable and that the sentencing issues counsel raise on appeal fall squarely within the scope of the waiver. Moreover, the record does not conclusively show that trial counsel was ineffective. *See United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008) (holding that "[i]neffective assistance claims are generally not cognizable on direct appeal, however, unless it conclusively appears from the record that defense counsel did not provide effective representation" (internal quotation marks omitted)).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious issues outside the scope of Anderson's valid appellate waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the scope of the waiver. We otherwise affirm. This court requires that counsel inform Anderson, in writing, of the right to petition the Supreme Court of the United States for further review. If Anderson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Anderson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*